MICHAEL D. BRESLAUER [SBN 110259]
mbreslauer@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
Telephone: (619) 231-0303
Facsimile: (619) 231-4755

Attorneys for The Neal K. McFarlane and
Jennifer C. McFarlane Revocable Trust of
1999

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>RAY ROSA, JR. dba SWC,<br><br>    Debtor. | CASE NO. 19-03448-CL7<br><br>RS No. MDB-1<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EMERGENCY* MOTION FOR RELIEF FROM AUTOMATIC STAY (UNLAWFUL DETAINER);** |
| THE NEAL K. MCFARLANE AND JENNIFER C. MCFARLANE REVOCABLE TRUST OF 1999,<br><br>    Movant,<br><br>v.<br><br>RAY ROSA, JR.; GERALD H. DAVIS, CHAPTER 7 TRUSTEE,<br><br>    Respondent. | Date: None set<br>Time:<br>Dept: Five (5)<br><br>Honorable Christopher B. Latham |

P:01312832.1:64434.001

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EMERGENCY MOTION FOR RELIEF FROM AUTOMATIC STAY (UNLAWFUL DETAINER)

The Neal K. McFarlane and Jennifer C. McFarlane Revocable Trust of 1999 (the "Lessor") hereby submits it memorandum in support of its Emergency Motion for Relief from Automatic Stay as follows:

## I.

## JURISDICTION AND VENUE

The United States Bankruptcy Court for the Southern District of California has jurisdiction over this emergency motion pursuant to 28 U.S.C. Sections 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(G), and the court may enter a final order consistent with Article 3 of the United States Constitution. Venue is proper in this district pursuant to 28 U.S.C. Sections 1408 and 1409. The statutory predicates for the relief sought here are Sections 105 and 362 of the United States Bankruptcy Code, Rules 4001 and 2002 of the Federal Rules of Bankruptcy Procedure and Rules 4001 and 9013-9 of the Local Rules of Bankruptcy Practice and Procedure in the United States Bankruptcy Court for the Southern District of California.

## II.

## BACKGROUND

This is a converted Chapter 13 case, one of several bankruptcy cases filed by the Debtor both here and in Texas. Debtor Ray Rosa, Jr. and his spouse are the tenants occupying the Lessor's property, a single-family residence located at 2945 Avenida Castana, Carlsbad, CA 92009 (the "Property"), and are not paying rent. Their Lease expires by its terms on December 31, 2019 and no rent has been paid for the Property for June 2019 (partial rent paid) and for August and September 2019 (no rent paid). Given the Debtor's refusal and/or ability to pay rent during the pendency of this Chapter 13 case, nothing in connection with the conversion to Chapter 7 indicates other than he is using the bankruptcy process, at least in part, to obtain free rent without any meaningful opportunity for recovery by the Lessor.

Accordingly, emergency relief is warranted and the stay should be lifted to facilitate immediate eviction proceedings.

### III.
### EMERGENCY RELIEF BOTH AS TO THE DEBTOR AND THE PROPERTY IS WARRANTED

Mr. Rosa appears to be a serial filer. This bankruptcy case was filed on June 10, 2019 as a Chapter 13 and was voluntarily converted to a Chapter 7 on September 5, 2019.

Prior to this current case, the Debtor has been a bankruptcy debtor in at least five other cases. The filings are as follows:

December 17, 1998; Chapter 7; Western District of Texas; Case No. 98-56226. Discharge granted.

December 17, 2013; Chapter 7; Southern District of Texas; Case No. 13-37731; Case dismissed April 16, 2014 (adversary proceeding for non-dischargeability and denial of discharge pending).

April 23, 2014; Chapter 13; Southern District of Texas; Case No. 14-32212; Case Dismissed on Chapter 13 Trustee's motion on July 31, 2014.

August 29, 2014; Chapter 13; Southern District of Texas; Case No. 1434745; Case dismissed on Chapter 13 Trustee's motion on March 19, 2018.

December 13, 2018; Chapter 7; Southern District of California; Case no. 18-7356; Dismissed on January 2, 2019 for failure to file information.

There is a pattern here. The Debtor seeks bankruptcy relief, obtains the benefits of the automatic stay and then either fails to complete a Chapter 13 plan or fails to submit required information and his case is dismissed. While it is conceivable that he might yet be entitled to a discharge (his last and only discharge was in 1999; but his conduct in failing to inform the Lessor about his then-current status as a bankruptcy debtor might constitute grounds to assert a valid nondischargeability claim for unpaid rent and damages here; all rights are reserved),

1  the facts here strongly tilt toward granting relief. The facts here show an abuse of
2  the system to get free rent at the lessor's expense.

3      Emergency relief is warranted under the circumstances because unless Mr.
4  Rosa pays current and future rent throughout the term of the Lease, he will manage
5  to use the Lessor's Property without compensation in light of the conversion to a
6  Chapter 7 case. It is unreasonable and inappropriate that he be allowed to maintain
7  possession of the Property without paying rent following his Chapter 13 filing, his
8  default while protected there by the automatic stay, and his voluntary conversion to
9  Chapter 7. All of these acts fitting the pattern he has exhibited in the past while
10 living in the State of Texas. The Court should not let him repeat these tactics in this
11 court.

12     The Lessor's interests in the Property are not adequately protected and the
13 automatic stay should be terminated for cause. 11 U.S.C. Section 362(d)(1). In
14 addition, the automatic stay should be terminated because the Debtor has no equity
15 in the Property, and the Property is not necessary to any effective reorganization
16 contemplated by the Debtor. 11 U.S.C. Section 362(d)(2).

17     Given Mr. Rosa's string of bankruptcy filings, an extraordinary remedy is
18 appropriate under the facts of this case to grant the lessor relief not only against the
19 debtor individually in this case, but against the Property address as well so that relief
20 will be automatically granted following another bankruptcy filing by him or by his
21 spouse, the co-tenant and other occupant of the Property. This extraordinary relief is
22 also warranted here given the extremely short length of the lease term (the lease and
23 all rights of occupancy terminate on December 31, 2019). The Court should act to
24 prevent yet another bankruptcy filing to frustrate the Lessor's ability to obtain non-
25 bankruptcy law relief to obtain possession of the Property.

26 / / /
27 / / /
28

P:01312832.1:64434.001

-3-

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HENRY LAW FIRM'S MOTION FOR RELIEF FROM AUTOMATIC STAY

## IV.
## CONCLUSION

For the reason express above, emergency relief terminating the automatic stay as to the Debtor, Ray Rosa, Jr. and with respect to the Lessor's acts to regain possession of the Property, regardless of identity of any future debtor possessing the Property.

DATED: September 11, 2019     SOLOMON WARD SEIDENWURM & SMITH, LLP


By: /s/ Michael D. Breslauer
    MICHAEL D. BRESLAUER
    Attorneys for The Neal K. McFarlane and Jennifer C. McFarlane Revocable Trust of 1999