CSD 1161 [07/01/18]

Name, Address, Telephone No. & I.D. No.

Ray Rosa Jr
2945 Avenida Castana
Carlsbad CA 92009
(832) 763-5556

FILED
2019 SEP 13 PM 1:45
CLERK
U.S. BANKRUPTCY CT
SO. DIST. OF CALIF

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re Ray Rosa Jr<br><br>Debtor. | BANKRUPTCY NO. 19-03448-CL7 |
| The Neal K McFarlane and Jennifer C McFarlane Revocable Trust of 1999<br><br>Moving Party | RS NO. MDB-1 |
| Ray Rosa Jr, Debtor, Gerlad H. Davis, Chapter 7 Trustee<br><br>Respondent(s) | Hearing Date: ~~10/7/2019~~ 9/23/19<br>Hearing Time: 10 am |

## OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY
☒ REAL PROPERTY     ☐ PERSONAL PROPERTY

Respondent in the above-captioned matter moves this Court for an Order denying relief from the automatic stay on the grounds set forth below.

1.  A Petition under Chapter    ☒ 7    ☐ 11    ☐ 12    ☐ 13  was filed on _____.

2.  Procedural Status:
    a.  ☒  Name of Trustee Appointed *(if any)*: Gerald H. Davis
    b.  ☐  Name of Attorney of Record for Trustee *(if any)*:
    c.  ☒  Debtor has previously filed a Bankruptcy Petition on: 12/13/18.
        If applicable, the prior case was dismissed on: 1/2/19.
    d.  ☐  *(If Chapter 13 case)*: Chapter 13 Plan was confirmed on _____ or a confirmation hearing is set for _____.

3.  *Number of unsecured creditors _____. Amount of unsecured debt $ _____.

4.  *Last operating report filed: _____

5.  *Disclosure statement: Filed? (yes/no) _____. Approved? (yes/no) _____.
    If yes, date of plan confirmation hearing: _____

*Only required if respondent is the debtor in a Chapter 11 case.

CSD 1161

CSD 1161 (Page 2) [07/01/18]

Respondent alleges the following in opposition to the Motion:

1. ☒ The following real property is the subject of this Motion:
   a. Street address of the property including county and state:

   b. Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):

   c. Legal description of property is attached as Exhibit A.
   d. **Fair market value of property: $ _____.
   e. **Nature of Respondent's interest in the property: Tennant

2. ☐ The following personal property is the subject of this Motion (describe property):

   a. **Fair market value of property: $ _____.
   b. **Nature of Respondent's interest in the property:

3. Status of Movant's loan:
   a. Balance owing on date of Order for Relief         $ 0
   b. Amount of monthly payment                         $ 4100
   c. Date of last payment:                             7/5/19
   d. If real property,
      (1) Date of default:                              6/1/19
      (2) Notice of Default recorded on:                _____
      (3) Notice of Sale published on:                  _____
      (4) Foreclosure sale currently scheduled for:     _____
   e. If personal property,
      (1) Pre-petition default:    $ _____    No. of months: _____
      (2) Post-petition default:   $ 10,445   No. of months: 2.5

4. (If Chapter 13 Case, state the following:)
   a. Date of post-petition default:                    _____
   b. Amount of post-petition default:                  $ _____

5. Encumbrances:
   a. Voluntary encumbrances on the property:

| Lender Name | Principal Balance | Pre-Petition Arrearages Total Amount - # of Months | | Post-Petition Arrearages Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: | | | | | |
| 2nd: | | | | | |
| 3rd: | | | | | |
| 4th: | | | | | |
| Totals for all Liens: | $ | $ | | $ | |

**Separately filed Declaration required by LBR 4001-4.

CSD 1161

b. Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens):
☐ See attached page, if necessary.

6. Relief from the automatic stay should not be granted because:
   a. ☒ Movant's interest in the property described above is adequately protected.

   b. ☐ Debtor has equity in the property described above and such property is necessary to an effective reorganization.

   c. ☐ The property is not "single asset real estate", as defined in 11 U.S.C. § 101(51B).

   d. ☐ The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and less than 90 days (or ___ days ordered by this court) have passed since entry of the order for relief in this case, or

      (1) the Debtor/Trustee has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

      (2) the Debtor/Trustee has commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien) which payments are equal to interest at a current fair market rate on the value of each creditors' interest in the property.

   e. ☒ Other (specify): ☒ See attached page.

   Rent will be paid by Court Date of October 7th, 2019.

When required, Respondent has filed a separate Declaration pursuant to LBR 4001-4. Respondent attaches the following:

1. ☒ Other relevant evidence:

   Declaration Statement of Ray Rosa Jr

2. ☐ (Optional) Memorandum of points and authorities upon which the responding party will rely.

**Wherefore,** Respondent prays that this Court issue an Order denying relief from the automatic stay.

Dated: Sep 13, 2019

_____R. R._____
[Attorney for] Respondent

CSD 1161

Ray Rosa
2945 Avenida Castana
Carlsbad CA 92009
Telephone: (832) 763-5556
Email: RayRosawoundcare@yahoo.com

RAY ROSA JR

FILED
2019 SEP 13 PM 1:45
U.S. CLERK
BANKRUPTCY CT
SO. DIST. OF CALIF.

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>RAY ROSA, JR dba SWC,<br><br>　　　　　Debtor<br>_____<br><br>THE NEAL K MCFARLANE AND JENNIFER C MCFARLANE REVOCABLE TRUST OF 1999<br><br>　　　　　Movant,<br><br>v.<br><br>RAY ROSA, JR; GERALD H. DAVIS, CHAPTER 7 TRUSTEE | Case No.: 19-03448-CL17<br><br>RS No. MDB-1<br><br>**OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>DATE: 9/23/19<br>TIME: 10 am<br>DEPT: Five (5)<br><br>Honorable Christopher B. Latham |

I, RAY ROSA JR, declare:

1. I am over 18 years of age and am a tenant on the property address of 2945 Avenida Castana Carlsbad CA 92009. I have personal knowledge of the following facts and could and would competently testify thereto if called as a witness in this matter.

2. I entered into a rental agreement dated December 31, 2018 with Neal McFarlane. The property is a single-family dwelling used as a private residence. The lease expires by its own terms on December 31, 2019.

- 1 -
INSERT DOCUMENT TITLE (e.g., MOTION TO STRIKE)

3. In response to the Declaration statement of Neal McFarlane there are both incorrect and false statements made. Neal McFarlane referenced that I was under the Jurisdiction of the Bankruptcy Court at the time of execution of the lease. That is simply not true. At the time of the lease execution, all Bankruptcy filings were dismissed. Neal McFarlane had run a credit check on me and that was reflected on such credit report. Neal noted that the case was dismissed and accordingly signed the lease.

4. Neal McFarlane notes that the lease has been in default since June 2018. That is incorrect. The lease started in default on June 2019 when I paid half the rent. I paid all of July in FULL And I owe August and September rent.

5. The comments made about the conversion of Chapter 13 to Chapter 7 now providing me to use the property as free lodging at Lessor's expense is both contemptuous and without merit. Its easy to make comments like that when there are no sanctions you can face and don't have to provide evidence to substantiate free loading. I made it very clear that I will have the rent in arrears paid before the court date of October 7th, 2019 and I am currently under contract with the Serena Group that will allow me to pay the $10,445 amount. On October the 4th I do believe that Neal who owns an Architectural firm and several other properties when given the payment by the court date will be given the relief requested without suffering irremediable financial harm.

6. I find the comments made by Neal's attorney Michael D Breslauer to be distasteful and without merit. To reference me as a serial filer is extremely disheartening. I served 12 years in the military and worked for very little pay and filed bankruptcy in 1998. 15 years later I refiled on December 2013, which not only am I eligible too, but its my right to. I had several cases that were dismissed as he noted for failure to file information and also trouble with Chapter 13 payments. I had attorneys representing me while in the State of Texas. At no point was a filing ever done in bad faith nor dismissed with prejudice. I have had job loss, death in the family, but through it all I paid my car payment, utilities, all but 2.5 months of rent over the course of a year and a half renting with Neal. I would like the court to note that this is my second lease with Neal McFarlane. I completed successfully 1 year of lease with the McFarlanes and he renewed it for another year. If I was late I would always compensate him with a $150 late fee. This was done per the lease, but also so as to

not cause financial harm. I did not hide behind the Bankruptcy Rule of Law, I have no judgements, no pending litigation and no debt that is warranting an adversary hearing.  On those grounds I say that Mr Breslauer would like the court to believe his contentious remarks of a serial filer without understanding each case and the hardships I have endured.

    I believe the court has acted prejudicial towards me by honoring the request of Mr Breslauer and I find it particularly disturbing that he claims there is no sign of intention to pay when I communicated with him about staying and paying rent.  I also emailed him about the court date of October 7th and he said, "OK, bring the cash or keys."  The Movant has only declared financial harm by altering the word choices used.  Not relinquishing to the court that Neal McFarlane has an Architectural Firm that according to the neighbor is worth millions.  And he is the landlord for which he rents for profit on other properties.  I said I would pay on October 4th and I will.  If the court date remained on the 7th of October a hearing would not even be necessary.  Again, I find it alarming that the court honors any request coming in from movant now corresponding by fax and email when there is a process in place.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct of my own personal knowledge and was executed this 13th day of September 2019 at San Diego, California.

DATED: September 13, 2019

_____
RAY ROSA JR.